IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OMER RIVERS, #N2000** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 3:10-cv-341-WHB-LRA**

**DALE CASKEY** **RESPONDENT**

MEMORANDUM OPINION AND ORDER

On June 11, 2010, Petitioner filed a request for habeas relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. On June 22, 2010, an order [5] was entered denying Petitioner *in forma pauperis* status and requiring him to pay the filing fee within twenty-one days. Petitioner was warned in that order [5] that failure to pay the $5.00 filing fee could result in the dismissal of the instant civil action. Petitioner failed to comply with this order [5].

On August 6, 2010, this Court entered an order [6] directing Petitioner to show cause why this case should not be dismissed for Petitioner's failure to comply with the June 22, 2010, order [5]. Petitioner was also directed to comply with the June 22, 2010, order [5], on or before August 27, 2010, by paying the required $5.00 filing fee. Petitioner was warned in the Court's order [6] of August 6, 2010, that failure to timely comply with the requirements of the order may lead to the dismissal of his petition. Petitioner failed to comply with this order [6].

On August 18, 2010, Petitioner filed a response [7] to the Court's order to show cause [6] requesting an extension of time of thirty days from July 28, 2010, to comply with the Court's orders [5 , 6] directing him to pay the required $5.00 filing fee. However, as of September 13, 2010, Petitioner still had not complied with the Court's orders [5, 6]. As such, Petitioner was given another opportunity to comply with this Court's orders [5, 6] of June 22, 2010, and August

6, 2010, in a final order to show cause [8] entered September 13, 2010.  The final order to show cause [8] directed Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's orders [5, 6] of June 22, 2010, and August 6, 2010.  In addition, Petitioner was directed to comply with this Court's order [5] of June 22, 2010, by paying the required $5.00 filing fee, on or before October 4, 2010.  Petitioner was warned in the final order to show cause [8] of September 13, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order would result in this cause being dismissed.  Petitioner failed to comply with this order [8].

Petitioner has failed to comply with three Court orders and has not contacted this Court since August 18, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Respondent has not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of

dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    SO ORDERED, this the 3rd day of November, 2010.

                                   s/William H. Barbour, Jr.
                                   UNITED STATES DISTRICT JUDGE